UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------x
                                                                              :

GINA ARMSTRONG                    :                 3:18 CV 580 (RMS)
*Plaintiff*                                      :
                                                          :
v.                                              :
                                                          :
MARK MARTOCCHIO            :                 DATE: MARCH 9, 2020
*Defendants*                                  :
------------------------------------------------x

RULING ON MOTION TO DISMISS

I.      BACKGROUND

The plaintiff, a truck driver who is a resident of Michigan,[1] commenced this § 1983 action on April 5, 2018 against the defendant Mark Martocchio, a police officer with the Bridgeport Police Department. The claim arises out of the plaintiff's arrest on September 29, 2015 on Mountain Grove Street in Bridgeport, Connecticut. (Doc. No. 1). The plaintiff alleges that the defendant pulled her over and, during the course of her arrest, "pulled and twisted the plaintiff's arm and wrist, inflicting a sprain which required medical treatment." (*Id.* ¶ 6). The defendant took the plaintiff into custody until she posted a $5,000.00 bond; the plaintiff was charged with interfering with an officer and resisting arrest, and on December 2, 2016, all charges were nolled in the Connecticut Superior Court. (*Id.* ¶¶ 8-11). The plaintiff asserts claims for false arrest, malicious prosecution, and excessive or unreasonable force. (*Id.* ¶ 12).

The parties submitted their Rule 26(f) planning meeting, which was adopted on June 6, 2018, and then there was no activity in the case until over a year later, on August 6, 2019, when

---

[1] In her brief in opposition to the defendant's motion to dismiss, the plaintiff states that she "lives in the southern part of the country." (Doc. No. 37 at 1).

the Court (Eginton, J) issued a Rule 41(a) Notice to Counsel that the case was subject to dismissal as no action had been taken for six months. (Doc. No. 13). On August 7, 2019, the plaintiff filed a Motion for Setting a Date for Non-jury Trial (Doc. No. 14), which the Court granted, and on August 13, 2019, the parties consented to the jurisdiction of a Magistrate Judge, and the case was transferred to the undersigned. (Doc. No. 18).

On September 6, 2019, the Court held a telephonic status conference, scheduled a bench trial for March 24 and 25, 2020, and referred the parties to a different Magistrate Judge for settlement. (Doc. Nos. 19-21). A settlement conference was scheduled initially for December 2019, and then rescheduled to January 2020. (Doc. Nos. 24-26). The day before the January settlement conference, the parties reported that settlement discussions would not be productive; the settlement conference was cancelled. (Doc. No. 30; *see* Doc. Nos. 27, 29). The Court held a telephonic status conference on January 21, 2020 to address the upcoming trial dates. (Doc. Nos. 31-32).

During the conference call, defense counsel reported that the plaintiff's responses to the defendant's August 1, 2019 discovery requests remained outstanding and that, without this discovery, the defendant had no information about the plaintiff's damages and could not complete the plaintiff's deposition. (Doc. No. 33). Accordingly, following the call, the Court ordered:

> the plaintiff [to] produce documents responsive to the requests for production made by defendant to the plaintiff in defendant's August 1, 2019 letter; the plaintiff's continued deposition shall be completed **on or before February 28, 2020.** If the foregoing is not completed by the above-referenced dates, the defendant may file a motion regarding the plaintiff's non-compliance by **February 28, 2020.**

(Doc. No. 33) (emphasis in original). The Court extended the remaining pretrial deadlines but did not change the bench trial dates of March 24 and 25, 2020. (*Id.*).

On February 28, 2020, the defendant filed the pending Motion to Dismiss, pursuant to Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure. (Doc. No. 34). On the same date, the Court issued an order directing the plaintiff to file her response by March 6, 2020 and stayed the pretrial deadlines. (Doc. No. 35). On March 6, 2020, the plaintiff filed an objection asking that the Court deny the defendant's motion to dismiss, and "respectfully suggest[ing]" that, "[s]hould the court be inclined to impose some sanction in this matter . . . that something short of dismissal of the case would be appropriate." (Doc. No. 37 at 1). The plaintiff does not refute the allegations in the defendant's motion and acknowledges her failure to produce the requested discovery. The objection states:

> Due to the Plaintiff's arduous work schedule, she is almost constantly away from home and not able to readily gain access to her personal papers. She has made, and continues to make, efforts to locate the documents for which the Defendant has asked and will produce them as soon as she is able to locate them.

(*Id.*). The plaintiff does not request more time to produce the documents, nor does she assure the Court that she will produce the documents, but rather, generally states that she "made efforts to obtain the documents in question but thus far has been unable to do so[]" but "will produce them as soon as she is able to locate them." (*Id.*).

For the reasons set forth below, the plaintiff's Motion to Dismiss (Doc. No. 34) is DENIED, but pursuant to Rule 37(b)(2), the plaintiff is precluded from producing any evidence at trial that has not been produced in response to the defendant's discovery requests, which includes evidence of the plaintiff's damages, and the defendant is awarded reasonable expenses, including attorney's fees and costs, incurred in connection with the plaintiff's May 9, 2019 deposition and the filing of this motion.

II.  DISCUSSION

    A.  <u>RULE 37 MOTION – LEGAL STANDARDS</u>

"[W]hether a court has power to dismiss a compliant because of noncompliance with a production order depends exclusively upon Rule 37, which addresses itself with particularity to the consequences of a failure to make discovery by listing a variety of remedies which a court may employ as well as by authorizing any order which is 'just.'" *Societe Int'l Pour Participations Industrielles et Commerciales v. Rogers*, 357 U.S. 197, 207 (1958). "Rule 37(b)(2) contains a non-exclusive list of sanctions that may be imposed on a party when the party 'fails to obey an order to provide or permit discovery.'" *Salahuddin v. Harris*, 782 F.2d 1127, 1130 (2d Cir. 1986) (quoting FED. R. CIV. P. 37(b)(2)(A)). These sanctions include, *inter alia*, "directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;" "prohibit[ing] the disobedient party from supporting or opposing" claims or defenses, or from "introducing designated matters in evidence"; "striking pleadings in whole or in part"; or, "dismissing the action or proceeding in whole or in part[.]" FED. R. CIV. P. 37(b)(2)(A)(i)-(ii), (v).

The court must consider the following factors in determining the appropriate sanction under Rule 37(b): "'(1) the willfulness of the non-compliant party or the reason for noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of . . . noncompliance.'" *Hurley v. Tozzer, Ltd.*, 15 Civ. 2785 (GBD) (HBP), 2017 WL 1318005, at *2 (S.D.N.Y. Feb. 10, 2017) (quoting *Agiwal v. Mid Island Mortgage Corp.*, 555 F.3d 298, 302-03 (2d Cir. 2009) (per curiam) (citations and internal quotations omitted)) (additional citations omitted), *report and recommendation adopted,* No. 15 CIV 2785 (GBD) (HBP), 2017 WL 1064712 (S.D.N.Y. Mar. 21, 2017).

Dismissal with prejudice under Rule 37(b) is a "harsh remedy to be used only in extreme situations, and then only when a court finds willfulness, bad faith, or any fault by the non-compliant litigant." *Agiwal*, 555 F.3d at 302 (citation and internal quotations omitted); *see Bhagwanani v. Brown*, 15-2828, 2016 WL 6561486, at *1 (2d Cir. Nov. 4, 2016) (summary order) (citation omitted) (holding that, "[b]ecause dismissal with prejudice is a particularly 'harsh remedy,' . . . it should only be used when a court finds 'willfulness, bad faith, or any fault' by the non-compliant party."); *see Shcherbakovskiy v. Da Capo Al Fine, Ltd.,* 490 F.3d 130, 140 (2d Cir. 2007) (concluding that dismissal should not be imposed absent "willfulness, bad faith, or any fault" on the part of the party that failed to comply with its discovery obligations) (citation and internal quotation marks omitted); *West v. Goodyear Tire & Rubber Co.,* 167 F.3d 776, 779 (2d Cir. 1999) (holding that "because dismissal is a drastic remedy, it should be imposed only in extreme circumstances, usually after consideration of alternative, less drastic sanctions.") (citations and internal quotation marks omitted); *Metro. Opera Ass'n v. Local 100, Hotel Emps. & Rest. Emps. Int'l Union*, 212 F.R.D. 178, 219 (S.D.N.Y. 2003) (holding that, "intentional behavior, actions taken in bad faith, or grossly negligent behavior justify severe disciplinary sanctions.").

B. APPLICATION OF LEGAL STANDARDS

With respect to the first factor governing Rule 37 sanctions, the willfulness of the non-compliant party, the defendant has established that the plaintiff had adequate time to respond to discovery, and had notice, through her counsel, of this Court's order, yet failed to comply with both the outstanding requests and this Court's order. Willfulness or bad faith "imply a deliberate disregard of the lawful orders of the court." *Cine Forty–Second St. Theatre v. Allied Artists,* 602 F.2d 1062, 1067 (2d Cir. 1979) (citation omitted). The plaintiff filed her Complaint nearly two years ago, on April 5, 2018. (Doc. No. 1). The defendant served Interrogatories and Requests for

Production on the plaintiff on June 6, 2018. The plaintiff neither objected nor moved to extend discovery, and ten months later, on April 30, 2019, only produced partial responses, and failed to document her damages. On May 10 and August 1, 2019, the defendant forwarded detailed letters to the plaintiff requesting the missing information; the defendant received no response from the plaintiff. (Doc. No. 34 at 3). The plaintiff's deposition was held on May 9, 2019; the plaintiff agreed to produce requested documents at the deposition but did not. (*Id.*). Because of the lack of production, the deposition was not completed. The plaintiff's deposition was re-noticed for February 27, 2020, however, once the plaintiff's counsel informed the defendant that the requested information would not be forthcoming, the deposition was canceled. (*Id.*). Thus, due to the plaintiff's willful non-compliance with discovery, this first factor weighs in favor of granting dismissal.

As to the second factor, the efficacy of lesser sanctions, it is clear that a sanction less than dismissal of this case would serve as an appropriate remedy for the plaintiff's non-compliance with discovery. The plaintiff provided only her discharge instructions from St. Vincent's Medical Center on the date of her arrest indicating sprains to her left wrist, shoulder, and neck, and copies of illegible credit card receipts. (Doc. No. 34 at 1). The plaintiff claims that she suffered the following injuries and damages: sprain of her left wrist, arm and shoulder; bruising to her left arm; sprain of her neck; head pain; injury to her ribs on the left side; injury to her ankle; left ACL/knee pain; permanent disability due to her damaged ACL/knee with limited use of her left leg; anxiety; emotional distress; a broken shoe; travel expenses related to the case; lost wages; loss of her tractor-trailer truck; loss of lease; inability to enter military bases and loss of earning capacity. (Doc. No. 34 at 1). The plaintiff's failure to comply with discovery and produce evidence documenting her alleged damages may be addressed through the imposition of sanctions

prohibiting her from supporting her claim of injury, and precluding her from introducing evidence in support of her damages.² Thus, because a lesser sanction is available and appropriate, this factor weighs against dismissal.

As to the third factor, the duration of the period of non-compliance, the plaintiff consistently delayed in responding to discovery requests without the defendant's consent or leave of the court. This factor weighs in favor of dismissal.

Finally, as to the fourth factor, the plaintiff has counsel, who, no doubt, has warned the plaintiff of the consequences of failing to comply with discovery. That said, this is only the plaintiff's first warning form the Court that her non-compliance with discovery may result in the dismissal of case. *See Davis v. Stop & Shop Supermarket*, 3:18 CV 1279 (KAD), 2019 WL 5696019, at *2 (D. Conn. Nov. 4, 2019) (holding that the sanction of dismissal with prejudice was appropriate after multiple warnings from the court that noncompliance could result in dismissal). Thus, this factor weighs against dismissal.

Accordingly, because "[d]ismissal with prejudice is a harsh remedy to be used only in extreme situations[,]" *Valentine v. Museum of Modern Art*, 29 F.3d 47, 49 (2d Cir. 1994) (citation omitted), and "then only after (a) the court finds willfulness, bad faith, or fault on the part of the party refusing discovery, and (b) the court gives notice . . . that violation of the court's order will result in a dismissal of the case with prejudice[,]" *Simmons v. Abruzzo*, 49 F.3d 83, 88 (2d Cir. 1995) (citations omitted), this Court concludes that dismissal is not the appropriate remedy in this case. The imposition of the lesser sanctions of precluding the plaintiff from presenting evidence in support of her claim and her alleged damages, is appropriate.

---

² As discussed above, the only document that the plaintiff produced, and thus which may use in support of her claim, is her discharge instructions from St. Vincent's Medical Center on the date of her arrest indicating sprains to her left wrist, shoulder, and neck. The copies of the credit card receipts cannot be used if they are illegible. (Doc. No. 34 at 1).

7

C.    OTHER SANCTIONS

In addition to preclusion, monetary sanctions should be imposed. FED. R. CIV. P. 37(b)(2)(C). Rule 37(b)(2)(C) authorizes the Court to require a non-compliant party "to pay reasonable expenses, including attorneys' fees" incurred in the course of non-compliance "unless the failure was substantially justified or other circumstances make an award of expenses unjust." In this case, the plaintiff offers no reason or excuse for her non-compliance, other than that she has a busy work schedule and has been unable to find the time to locate any of the requested documents. The plaintiff shall pay the defendant's reasonable fees and costs associated with this motion, and with the May 9, 2019 deposition. *See Burke v. Miron*, No. 3:07 CV 1181 (RNC), 2009 WL 952097, at *2 (D. Conn. Feb. 20, 2009) (finding appropriate the imposition of monetary sanctions in the form of defendants' reasonable fees and costs associated with a deposition and the motion to dismiss). The defendant shall submit an affidavit itemizing his fees and costs on or before March 16, 2020.

The parties shall submit a Joint Trial Memorandum by **March 16, 2020.** (*See* Doc. No. 22 (Pretrial Order with instructions for the Joint Trial Memorandum)). The parties' final Pretrial Conference is set for **March 19, 2020 at 3:00 p.m.** The bench trial remains set for **March 24-25, 2020** in Courtroom 5.

It is SO ORDERED.

Dated this 9th of March, 2020 at New Haven, Connecticut.

    /s/Robert M. Spector, USMJ
Robert M. Spector
United States Magistrate Judge